UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED
APR 1 5 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

Carmelita Gee
2843 Windsor Drive #107
Lisle, IL 60532
(Name of the plaintiff or plaintiffs)

v.

Loyola University
2160 S. First Avenue
Maywood, IL 60153
(Name of the defendant or defendants)

CIVIL ACTION

1:14-cv-02704
Judge Marvin E. Aspen
Magistrate Judge Geraldine Soat Brown

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Carmelita Gee__ of the county of __DuPage__ in the state of __Illinois__.

3. The defendant is __Loyola University__, whose street address is __2160 S. First Avenue__, (city) __Maywood__ (county) __Cook__ (state) __Illinois__ (ZIP) __60153__

(Defendant's telephone number) __(708) 216-8370__

4. The plaintiff sought employment or was employed by the defendant at (street address) __2160 S. First Avenue, Blg. 120, Rm 210__ (city) __Maywood__ (county) __Cook__ (state) __IL__ (ZIP code) __60153__

5. The plaintiff [*check one box*]

    (a) ☐     was denied employment by the defendant.

    (b) ☐     was hired and is still employed by the defendant.

    (c) ☑     was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **Sept**, (day) **4**, (year) **2013**.

7.1    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☑ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) **Dec**, (day) **3** (year) **2013**.

    (ii) ☑ the Illinois Department of Human Rights, on or about (month) **Dec** (day) **3** (year) **2013**.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

  ☐   Yes (month)_____ (day)_____ (year)_____

  ☐   No, did not file Complaint of Employment Discrimination

(b)   The plaintiff received a Final Agency Decision on (month)_____

  (day) _____ (year) _____.

(c)   Attached is a copy of the

  (i) Complaint of Employment Discrimination,

   ☐ YES   ☐ NO, but a copy will be filed within 14 days.

  (ii) Final Agency Decision

   ☐ YES   ☐ NO, but a copy will be filed within 14 days.

8.   *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

  (a) ☐   the United States Equal Employment Opportunity Commission has not issued

   a *Notice of Right to Sue*.

  (b) ☑   the United States Equal Employment Opportunity Commission has issued a

   *Notice of Right to Sue*, which was received by the plaintiff on

   (month) **Feb** (day) **21** (year) **2014** a copy of which

   *Notice* is attached to this complaint.

9.   The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

  (a) ☐   Age (Age Discrimination Employment Act).

  (b) ☐   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☒ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ failed to stop harassment;

    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify):_____

_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

(See additional page)

9/4 - Mrs. Merz (white Female - Dir of Fin Aid) announced she was my direct report and Dean Mendez - Assoc. Dean) would be my dotted line report.

9/17 - Mrs. Merz visited my side of the campus with her husband and ordered me to accommodate her husband with coffee and a quiet room. She then excluded me from a meeting with Fr. Dennis and my staff member.

9/18 - Mrs Merz sent me an email taking away a lot of my privileges and demanding that I attend extensive training on her side of the campus because I didn't know my job and that I was to make no decision without her approval. She then stated all of the things that were wrong on my side of the campus and informed me that she and Paul Roberts (white Male - Ass. Provost) were my boss and not Dean Mendez. I addressed this accusation with Dean Mendez.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☑ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑ Direct the defendant to (specify): to monetarily compensate the plaintiff and remove the "Do not Hire" from the plaintiff's employment file.

5

_____

_____

_____

_____

_____

(g) [✓] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [✓] Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

*Carmelita [signature]*

(Plaintiff's name)

Carmelita Gee

(Plaintiff's street address)

2843 Windsor Drive, Apt. 107

_____

(City) Lisle   (State) IL   (ZIP) 60532

(Plaintiff's telephone number) (630) 886-4096

Date: 4-11-2013

Director of Financial Aid for the University. Paul Roberts' title is Assoc Provost for Enrollment Management hired Nancy about 4 weeks after I was hired.

2). I'm not sure of the exact date in August that Nancy started but the Interim Dir of Fin Aid whom assisted in hiring me on Paul Roberts' behalf informed me around August 22 that Paul had hired Nancy. Nancy's position had been open for approx. a year and a half and according to some of my colleagues in the financial aid industry, it was rumored that Paul Roberts was originally looking for a white male to fill that position. When Nancy and I first started communicating via email, she was pleasant to me, such as approving tools and supplies I needed to perform my job. On 9/4/2013 when I arranged a meeting with Nancy (Lakeshore Campus) and my dotted line supervisor, James Mendez (Maywood Campus), Nancy was very informal with us. Since my role reporting structure had changed, James Mendez explained to Nancy the expectations of the Maywood Campus and resources needed to perform my job. I wasn't sure if Nancy was just uncomfortable with James (black male) and I or she was just nervous. She showed us the IPad she had ordered for me and she was working on requesting a pay card, NSLDS access, Locus access, etc. James asked Nancy about her background working with medical students and expressed to her that he was glad to get me on board because he and I had worked together at UIC College of Medicine. Nancy then asked James about his position as the Assoc Dean of Student Affairs for Stritch School of Medicine (Maywood Campus). When he informed her of his credentials, mainly his PH.D Nancy stated, "I could have gotten a Ph.D but it would have been a waste of time." Once our meeting was over, I informed Nancy that I needed to meet with a couple of the staff members there for follow up and asked if she and I could meet together later to discuss her expectations of me. She agreed and then informed James that he could he go to a meeting on that campus or wait for me in the lobby. James explained to Nancy that he had to get back to the Maywood Campus to continue writing Dean's letters. About 45 minutes to an hour later Nancy came and approached me and stated she couldn't meet with me alone because she had to leave and let her husband into their condo.

Our next meeting was 9/17 and Nancy came to the Maywood Campus (with her husband). Once again, her behavior towards me was odd and possessed discomfort. She sort of ordered me to provide coffee and a quiet place for her husband to read. She then excluded me from a meeting with Father Yesalonia and the Financial Aid Advisor that I supervised. Once again. I tried to meet with her to discuss job expectations management style, etc. Nancy in turn, informed me that she needed an office for her webinar and she brought alone a report conducted prior to my

employment which listed negative things about the Maywood Campus, a copy of Harvard's Policy and Procedure Manual and a copy of AAMC's financial aid officer job description. Father

Yesalonia (white) and Lynn Warwrzniak (white) she meant with separately and alone. After her meeting with father, she then beckoned me to meet with the two of them and he explained to us both the value of a respectable relationship. She then met with Lynn (whom I supervised) and according to Lynn, Nancy asked her about my relationship with Lynn and if Lynn liked me. She also instructed Lynn to stop performing some of her tasks which she never discussed with me.

After our 9/17 meeting, I got the email below the next day. She then promoted 3 black females and hired one white female on the Lakeshore Campus (gave them the same title as myself). None of these individuals has the amount of experience that I have, however she insisted that they would be training me and she wanted them to report back to her my lack of knowledge.

Sorry about this lengthy email. Let me know if you need additional information.

*[handwritten: 10/28 - Mrs. Metz threatened to fire me or just extend my 90 day probation.]*

From: Merz, Nancy  *[handwritten: 10/29 - I @ Filed a racial and harrassment claim with HR.]*
Sent: Wednesday, September 18, 2013 5:47 PM  *[handwritten: 11/8 - I was officially discharged. (Murneka Davis, manager)]*
To: Gee, Carmelita
Subject: Resolving Issues

Dear Carmelita,

This email is in response to several items you are currently inquiring about.

Going forward, I expect you to formally request to attend any conferences and then I will make the final decision on the validity of your attendance.

As far as the AAMC Conference in Philadelphia is concerned, I do not want you to attend and Financial Aid will not reimburse nor will we transfer funds for you to attend. I did a 'find' on the conference agenda and found only one break out session that mentioned financial aid. It is not cost effective for you to attend that type of conference and I will not allow the resources of Loyola University to be spent in that manner.

Having said that, I would like you to register for the National Scholarship Providers Association Conference, please visit:

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carmelita D. Gee<br>c/o Gary Martoccio<br>Spielberger Law Group<br>202 S. Hoover Boulevard<br>Tampa, FL 33609 | From: | Chicago District Office<br>500 West Madison Street<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2014-01187 | Joseph E. Kuhel, Investigator | (312) 869-8039 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     2/21/2014
John P. Rowe,                                             (Date Mailed)
District Director

Enclosures(s)

cc:   Teri Firmiss Thompson
Assistant General Counsel
LOYOLA UNIVERSITY OF CHICAGO
Office of the General Counsel
820 N. Michigan Avenue, Suite 750
Chicago, IL 60611

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>440-2014-01187 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Carmelita D. Gee** | Home Phone (Incl. Area Code)<br>**(630) 886-4096** | Date of Birth<br>**05-11-1962** |
|---|---|---|

Street Address: **2843 Windsor Drive, Apt. 107, Lisle, IL 60532**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**LOYOLA UNIVERSITY** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(708) 216-8370** |
|---|---|---|

Street Address: **2160 S. First Avenue, Maywood, IL 60153**

DISCRIMINATION BASED ON:
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: _____ Latest: **11-08-2013**
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began my employment with Respondent on or about July 29, 2013. My most recent position was Associate Director of Financial Aid. On or about November 8, 2013, I was discharged.

I believe I have been discriminated against because of my race, Black, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEC 03 2013

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: **Dec 03, 2013**
Charging Party Signature: *[signature]*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)